```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Theodosia Billie Streets,

                Plaintiff,

-against-

Daniel Mangena a/k/a Lindani Mangena, and Dreamer HQ Inc.,

                Defendants.

1:23-cv-10648 (AT) (SDA)

REPORT AND RECOMMENDATION

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a request by Plaintiff Theodosia Billie Streets ("Plaintiff") for a recommendation that a default judgment be entered against Defendant Daniel Mangena, *a/k/a* Lindani Mangena ("Mangena"). (Pl.'s 10/17/24 Ltr., ECF No. 70, at 1-2.) For the reasons stated below, the undersigned respectfully recommends that the Court strike Mangena's Answer and direct the Clerk of Court to enter a certificate of default as to Mangena.[1]

**RELEVANT BACKGROUND**

On December 6, 2023, Plaintiff filed her Complaint in this action asserting claims for fraud, fraudulent inducement, breach of contract and unjust enrichment against Mangena, Dreamer HQ, Inc. ("Dreamer HQ"), Financial Freedom in a Box, *a/k/a* Financial Abundance Unleashed ("FFB"), and POTB Enterprises, LLC ("POTB"). (Compl., ECF No. 1, ¶¶ 32-64.) On March 6, 2024, Aaron H. Pierce, Esq. ("Attorney Pierce"), appeared for Mangena and Dreamer HQ and filed an

---

[1] Pursuant to Orders of Reference, general pretrial supervision and motions requiring a Report and Recommendation previously were referred to the undersigned. (Order of Ref., ECF No. 33; Am. Order of Ref., ECF No. 51.)

Answer to the Complaint on their behalf. (Not. of Appearance (Pierce), ECF No. 22; Answer, ECF No. 23.)

On June 6, 2024, Plaintiff's claims against POTB were voluntarily dismissed. (Not. of Voluntary Dismissal (POTB), ECF No. 35; So Ordered Not. of Voluntary Dismissal (POTB), ECF No. 37.) Also on June 6, 2024, the Court dismissed the Complaint without prejudice against FFB pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (6/6/24 Order, ECF No. 38; *see also* Not. of Voluntary Dismissal (FFB), ECF No. 39.)

On July 19, 2024, Attorney Pierce filed a motion to withdraw as counsel for Mangena (Mangena MTW, ECF No. 47.) On August 5, 2024, Attorney Pierce filed a motion to withdraw as counsel for Dreamer HQ. (Dreamer HQ MTW, ECF No. 55.) On August 21, 2024, the Court granted Attorney Pierce's motions to withdraw as counsel for both Mangena and Dreamer HQ. (8/21/24 Order, ECF No. 60.) In its August 21, 2024 Order, the Court provided Mangena and Dreamer HQ 21 days to secure new counsel and stated in part:

> Mangena is reminded that, even if he does not secure new counsel, he may appear *pro se*, but is required to comply with all Court Orders and deadlines. Failure to do so may result in the imposition of sanctions, up to and including entry of a default judgment against him.
>
> . . .
>
> If Dreamer HQ has not appeared by counsel by September 11, 2024, Plaintiffs shall, no later than September 13, 2024, seek a certificate of default from the Clerk of Court against Dreamer HQ[.]

(*Id.* at 2-3.) The Court required Attorney Pierce to serve the Court's Order and provide contact information for Mangena and Dreamer HQ. (*Id.* at 3.) The Court also ordered Plaintiff to confer with Mangena (or any new counsel) and file a status letter outlining any remaining discovery disputes, and scheduled a telephone conference to take place on September 30, 2024. (*Id.* at 3.)

2

After counsel did not appear on behalf of Dreamer HQ by September 11, 2024, Plaintiff sought a Clerk's Certificate of Default as to Dreamer HQ. (Prop. Clerk's Cert. of Default (Dreamer HQ), ECF No. 64; Weiner Decl. (Dreamer HQ), ECF No. 65.) On September 19, 2024, a Clerk's Certificate of Default was issued as to Dreamer HQ. (Clerk's Cert. of Default (Dreamer HQ), ECF No. 66.)

On September 20, 2024, Plaintiff filed a letter apprising the Court, as follows:

> Defendants have failed and refused to answer or respond to Plaintiff's timely discovery demands and, in addition, have failed to make any initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1) and the operative Civil Case Management Plan and Scheduling Order[.]

(Pl.'s 9/20/24 Ltr., ECF No. 67, at 1.) Based on Mangena's failure to make or cooperate in discovery, Plaintiff requested, among other things, leave to move to strike Mangena's Answer. (*Id.* at 2.)

On September 30, 2024, the Court held a telephonic conference, at which counsel for Plaintiff appeared and Mangena failed to appear. (9/30/24 Minute Entry; *see also* 9/30/24 Order, ECF No. 68, at 1.) In an Order dated September 30, 2024, the Court directed Mangena to serve his initial disclosures and respond to Plaintiff's document requests no later than October 14, 2024, and in the event he did not, required Plaintiff to file a letter to the ECF docket no later than October 18, 2024, stating whether Mangena complied with the Court's Order. (9/30/24 Order at 2.) The Court stated that Mangena's failure to comply would result in the undersigned recommending to District Judge Torres that the Court enter a default judgment against Mangena pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure. (*Id.* at 3.)

On October 17, 2024, Plaintiff apprised the Court that Mangena did not comply with the Court's September 30, 2024 Order, and requested the Court to enforce the same by issuing a recommendation for a default judgment as to Mangena. (Pl.'s 10/17/24 Ltr. at 1-2.)

## LEGAL STANDARDS

"A court may impose a range of sanctions on a party which fails to appear at conferences or to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment." *Trustees of the Paper Producs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-01475 (ILG) (VMS), 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013) (citing Fed. R. Civ. P. 16(1)(A)-(C); 37(b)(2)(A)(vi)). "The court may enter a default judgment when the disobedient party has failed to comply with a court order due to willfulness, bad faith, or any fault, including gross negligence." *Id.* at *2 (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994)).

"If a party fails to fulfill its discovery obligations, [Fed. R. Civ. P. 37(b)(2)] grants a district court 'wide discretion in imposing sanctions.'" *Seggos v. Datre*, No. 17-CV-02684 (MKB) (LB), 2023 WL 2969955, at *2 (E.D.N.Y. Mar. 22, 2023), *report and recommendation adopted*, 2023 WL 4230461 (E.D.N.Y. June 28, 2023) (quoting *Flores v. Boro Concrete Corp.*, No. 21-CV-05006 (JMF), 2022 WL 17551851, at *2 (S.D.N.Y. Dec. 9, 2022)). Sanctions explicitly authorized by Rule 37 include "striking pleadings in whole or in part [. . . or] rendering a default judgment against the disobedient party." *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi)). Separately, Rule 16(f) authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]"

4

*Id.* (quoting Fed R. Civ. P. 16(f)(1)). " "When considering whether to impose sanctions pursuant to Rules 16 and 37, courts should look to several factors, including: '(1) the willfulness of the non-compliant party or the reason for noncompliance, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the non-compliance party had been warned of the consequences of . . . noncompliance.'" *Trustees of Loc. 7 Tile Indus. Welfare Fund v. Goal Enterprises, Inc.*, No. 20-CV-01958 (KAM) (RER), 2021 WL 7908031, at *2 (E.D.N.Y. Apr. 25, 2021) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (striking defendant's answer and entering default).

"[T]o be 'wilful' the failure need not necessarily be accompanied by wrongful intent[;] [i]t is sufficient if it is conscious or intentional, not accidental or involuntary." *Buffalo Laborers Welfare Fund v. Elliott*, No. 04-CV-00516S, 2008 WL 907385, at *3 (W.D.N.Y. Mar. 31, 2008) (quoting *Robinson v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966)) (cleaned up). "Defendant's failure to respond to discovery, comply with Court Orders, maintain contact with counsel, retain new counsel, or to in any way contact opposing counsel or the Court to inform of his whereabouts or participate in any other aspect of this case leads this Court to conclude that Defendant has consciously abandoned his defense of this matter." *Id.* (striking answer and entering default judgment against defendant).

"Further, under Rule 55(a), when a party's failure to defend 'is shown by affidavit or otherwise, the clerk must enter the party's default.'" *Xin Hao Liu v. Millenium Motors Sports, LLC*, No. 17-CV-06438, 2020 WL 7028924, at *6 (E.D.N.Y. Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020) (quoting Fed. R. Civ. P. 55(a)).

5

**DISCUSSION**

Mangena's conduct, or lack thereof, warrants the Court striking his Answer and imposing default as a sanction pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure for his failure to participate in this litigation and to comply with multiple Orders of the Court. Mangena has failed to confer and exchange discovery with Plaintiff, failed to comply with Court Orders and failed to appear at proceedings. (*See* 8/21/24 Order at 2; Pl.'s 9/20/24 Ltr. at 1; 9/30/24 Order at 1; Pl.'s 10/17/24 Ltr. at 1.) Specifically, Mangena has failed to comply with the Court's August 21, 2024 Order and the September 30, 2024 Order. (*See id.*)

While default is a drastic sanction and upon consideration of the relevant factors, the Court is not convinced that the issuance of further orders or imposing lesser sanctions would serve an efficacious purpose. It is clear that Mangena has "abdicated [his] responsibilities in this litigation." *Trustees of the Paper Products*, 2013 WL 5532710, at *2. "Based on defendant['s] radio silence, 'the only reasonable inference is that . . . defendant[ ] willfully abandoned their defense of this case.'" *Maldonado v. Loxton Inc.*, No. 20-CV-05776 (LDH) (RLM), 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022) (quoting *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-01429 (SLT) (RLM), 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008)); *Xin Hao Liu*, 2020 WL 7028924, at *3 ("Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing.") (collecting cases). Since Mangena has not complied with two Court Orders and failed to appear at a telephonic conference, it is likely that he will continue to defy directives, thus rendering any sanction lesser than entry of default an exercise in futility. *See JCDecaux Airport, Inc. v. Tom Sawyer Prods., Inc.*, No. 16-CV-05067 (NRB), 2020 WL

6

635580, at *5 (S.D.N.Y. Feb. 11, 2020) ("Based on the history of defendants' repeated noncompliance with discovery deadlines and the Court's directives, it is obvious to the Court that any lesser sanction would be an exercise in futility.") (internal quotation and citation omitted).

Accordingly, it is recommended that Mangena's Answer be stricken and that the Clerk of Court be directed, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, to enter a Certificate of Default as to Mangena. *See Gilead Scis., Inc. v. Safe Chain Sols. LLC*, No. 21-CV-04106 (AMD) (JAM), 2024 WL 222697, at *4 (E.D.N.Y. Jan. 21, 2024), *report and recommendation adopted*, 2024 WL 3949982 (E.D.N.Y. Aug. 27, 2024) (recommending district court judge to strike answer as sanction and direct Clerk of Court to enter certificate of default).[2]

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court strike Mangena's Answer and direct the Clerk of Court to enter a Certificate of Default as to Mangena.

Dated:     New York, New York
           October 18, 2024

*signature*

STEWART D. AARON
United States Magistrate Judge

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)

---

[2] If Judge Torres adopts this recommendation, the next step will be for Plaintiff to move for a default judgment against Mangena pursuant to Rule 55(b)(2). In such motion, Plaintiff also should move for a default judgment against Dreamer HQ, since a Certificate of Default already has been entered against Dreamer HQ.

and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Torres.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).