UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Theodosia Billie Streets,

                Plaintiff,

-against-

Daniel Mangena a/k/a Lindani Mangena, and Dreamer HQ Inc.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2024

1:23-cv-10648 (AT) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Having been referred Plaintiff's anticipated omnibus motion for a default judgment against Daniel Mangena a/k/a Lindani Mangena, and Dreamer HQ Inc. (the "Defaulting Defendants") (*see* Am. Order of Reference, ECF No. 73), it is hereby ORDERED that Plaintiff shall file her motion for default judgment no later than December 13, 2024. Plaintiff's motion shall include the elements of each asserted cause of action and shall demonstrate how Plaintiff's allegations establish the Defaulting Defendants' liability as to each. *See, e.g., LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

    In addition, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other relief that Plaintiff seeks. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount. Plaintiff's Proposed Findings of Fact should specifically

tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding</u>.

In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (. Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the Defaulting Defendants, and jurisdiction over the subject matter.

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

It is further ORDERED that, no later than December 13, 2024, Plaintiff shall serve its motion papers, along with a copy of this Order, on the Defaulting Defendants and file proof of service on the ECF docket.

The Defaulting Defendants shall send to Plaintiff's counsel and file with the Court their responses, if any, to Plaintiff's submissions no later than January 10, 2025.

**SO ORDERED.**

Dated:    New York, New York
          November 12, 2024

_____
STEWART D. AARON
United States Magistrate Judge